_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01209-FWS-JDE                                            Date: July 2, 2024
Title: Jose Estrada v. The Irvine Company, LLC et al.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                              Attorneys Present for Defendants:

Not Present                                                                          Not Present

**PROCEEDINGS: ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

On June 5, 2024, Defendant The Irvine Company LLC and Defendant Irvine Spectrum Portfolio, LLC (collectively, "Defendants") removed this matter from Orange County Superior Court. (Dkt. 1.) Based on the state of the record, as applied to the applicable law, the court concludes it lacks subject matter jurisdiction over this matter. Accordingly, the case is **REMANDED** to Superior Court of the State of California for the County of Orange, as Case Number 30-2024-01397385-CL-CR-CJC.

"On May 3, 2024, Plaintiff Jose Estrada ('Plaintiff') commenced an action in the Superior Court of the State of California for the County of Orange, Case No. 30-2024-01397385 by filing a Complaint entitled 'Jose Estrada v. the Irvine Company LLC, Irvine Spectrum Portfolio LLC, and Does 1-10.'" (Dkt. 1 at 2; *see also* Dkt. 1-1 at 2-4.) The Complaint Plaintiff filed consists of one cause of action for a "Violation of the Unruh Civil Rights Act (Civil Code Section 51)," (the "Unruh Cause of Action"). (*See* Dkt. 1-1 at 2-4.) In pertinent part, the Unruh Cause of Action states:

1. Plaintiff is ignorant of the true names or capacities of those sued herein under the fictitious names DOES ONE through TEN and sues them herein pursuant to Code of Civil Procedure section 474.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No. 8:24-cv-01209-FWS-JDE | Date: July 2, 2024 |
|---|---|
| Title: Jose Estrada v. The Irvine Company, LLC et al. | |

2. At all times mentioned herein, JOSE ESTRADA ("Plaintiff") has been unable to walk and confined to a wheelchair.

3. On information and belief, at all times mentioned herein, DOES 1- 5 have leased or operated a cafe at 13844 Alton Parkway, Suite 135, Irvine, CA 92618.

4. On information and belief, at all times mentioned herein, THE IRVINE COMPANY LLC, IRVINE SPECTRUM PORTFOLIO LLC, and DOES 6- 10 have been owners or lessors of the real property occupied by said public accommodation at said location.

5. On or about March 28, 2024, Plaintiff experienced difficulty at said public accommodation. Plaintiff had difficulty dining at the public accommodation because its outdoor dining tables were not wheelchair-accessible in that he could not pull up to the tabletop's edge with his wheelchair.

6. Removing said architectural barrier by providing a wheelchair-accessible dining table is readily achievable (easily accomplishable and able to be carried out without much difficulty or expense). On information and belief, it would take less than an hour and cost less than $500 to accomplish this. On information and belief, each Defendant's annual income exceeds $100,000.

7. By violating 42 U.S.C. § 12182 and 28 C.F.R. §§ 36.201, 36.304, Defendants violated Civil Code section 51.

8. Plaintiff is a high-frequency litigant. During the 12 months prior to this complaint's filing, Plaintiff filed 26 complaints alleging a construction-related accessibility claim. Plaintiff was in the geographic area of Defendants' public accommodation to drop off a friend. Plaintiff accessed Defendants' public accommodation to get something to eat.

(Dkt. 1-1 at 3-4.)

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01209-FWS-JDE | Date: July 2, 2024 |
| Title: Jose Estrada v. The Irvine Company, LLC et al. | |

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (1994) (citation and internal quotation marks omitted). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). Thus, district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also id.* ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ("Even though not raised by the parties, lack of jurisdiction may be considered by the court, at any stage of the proceedings."). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits . . . it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.") (fn. omitted).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh*, 546 U.S. at 501. Diversity jurisdiction requires complete diversity between the parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a); *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires

___

      UNITED STATES DISTRICT COURT
      CENTRAL DISTRICT OF CALIFORNIA      **JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01209-FWS-JDE | Date: July 2, 2024 |
| Title: Jose Estrada v. The Irvine Company, LLC et al. | |

that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). If a party is a partnership, limited liability company or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members, in evaluating jurisdiction. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

     "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnotes omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 392; *see also Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("The federal question 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'") (quoting *Gully v. First National Bank,* 299 U.S. 109, 113 (1936). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090; *see also Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1047 (C.D. Cal. 2012) (stating "[t]he Ninth Circuit strictly construe[s] the removal statute against removal jurisdiction, and [f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citations and quotation marks omitted).

     In this case, Defendants state the following to support their assertion that removal is proper based on federal question jurisdiction: (1) "This action is a civil action for which this

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01209-FWS-JDE | Date: July 2, 2024 |
| Title: Jose Estrada v. The Irvine Company, LLC et al. | |

Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1443, in that it appears from the Complaint that Plaintiff has filed a civil rights action, and his claims are founded on a claim or right arising under the laws of the United States;" and (2) "More specifically, it appears from the Complaint that this is a civil rights action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 et seq. (Complaint ¶¶ 2, 4, 5, 6, 7)." (Dkt. 1 at 2-3.) However, the court finds the Complaint alleges a state cause of action, namely, the Unruh Cause of Action, that merely references the Americans with Disabilities Act, including by stating "By violating 42 U.S.C. § 12182 and 28 C.F.R. §§ 36.201, 36.304, Defendants violated Civil Code section 51." The court finds the Unruh Cause of Action does not establish federal-question jurisdiction because "Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002); *see also Rutherford v. La Jolla Riviera Apartment House LLC*, 2019 WL 6125255, at *3 (S.D. Cal. Nov. 19, 2019) (stating "district courts have frequently found that Unruh Act claims premised on ADA violations do not create federal question jurisdiction") (collecting cases); *Balsamo v. Smart & Final Stores LLC*, 2020 WL 6938564, at *2 (C.D. Cal. Nov. 25, 2020) (stating "a plaintiff's allegations of ADA violations are insufficient to create federal question jurisdiction where the plaintiff brings only state law claims for damages, and the ADA allegations merely prove an element of those state law claims"). Therefore, the court finds the record demonstrates a federal question is not presented on the face of the Complaint alleging the Unruh Cause of Action. *See Caterpillar*, 482 U.S. at 392 (stating "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

Moreover, the court finds diversity jurisdiction has not been relied upon or established in the Notice of Removal, (Dkt. 1). Accordingly, the court does not have subject-matter jurisdiction and sua sponte remand is appropriate. *See* 28 U.S.C. § 1447(c); *Trombley v. United Parcel Serv., Inc.*, 2009 WL 1331286, at *4 (C.D. Cal. May 12, 2009) (stating "§ 1447(c) authorizes sua sponte remand (and, indeed, requires remand) when a court finds that it does not have subject matter jurisdiction").

___

_____

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **JS-6** |

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01209-FWS-JDE | Date: July 2, 2024 |
| Title: Jose Estrada v. The Irvine Company, LLC et al. | |

 For the reasons stated above, the case is **REMANDED** to Superior Court of the State of California in and for the County of Orange, as Case Number 30-2024-01397385-CL-CR-CJC. The Clerk is directed to **CLOSE** this case.

              Initials of Deputy Clerk:  mku

_____